Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **RONNI SMITH**, <br><br> Plaintiff, <br><br> vs. <br><br> **PROGRESSIVE FINANCIAL SERVICES, INC.**, <br><br> Defendant. | Case No.: 6:12-cv-01704-TC <br><br> **PLAINTIFF'S FIRST AMENDED COMPLAINT;** <br><br><br> DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") and the Telephone Consumer Protection Act, 47 USC § 227 (hereinafter "TCPA").

## II. JURISDICTION

2. Plaintiff's claims for violations of the FDCPA and TCPA arise under 15 U.S.C. § 1692k(d), and 47 USC § 227, respectively, and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III.  PARTIES

3. Plaintiff, Plaintiff, Ronni Smith ("Plaintiff"), is a natural person residing in Lane County, Oregon.

4. Defendant, Progressive Financial Services, Inc., "Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV.  FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. On information and belief, all calls made to Plaintiff's telephone by Defendant were made using an "automatic telephone dialing system" or "prerecorded voice" as those terms are defined in 47 USC § 227(a)(1).

9. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA and TCPA in multiple ways, including the following:

10. In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information, including contacting Plaintiff's mother and grandmother where Defendant already had Plaintiff's

location information (§ 1692b & § 1692c(b)).

11. In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly requested (§ 1692b(1) & § 1692c(b)).

12. Disclosing to a third party the existence of the debt allegedly owed by Plaintiff (§ 1692b(2) & § 1692c(b)).

13. Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff, including contacting Plaintiff's mother and grandmother more than once (§ 1692b(3) & § 1692c(b)).

14. Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including contacting Plaintiff prior to 8:00 am local time for Plaintiff (§ 1692c(a)(1)).

15. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

16. To the extent Defendant's actions, detailed above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates by reference all of the preceding paragraphs.

18. The preceding paragraphs state a *prima facie* case for Plaintiff and against

Defendant for violations of the FDCPA, § 1692d.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages pursuant to 15 USC 1692k;

    C.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    D.    Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

15. A Plaintiff reincorporates by reference all of the preceding paragraphs.

16. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the Telephone Consumer Protection Act, 47 USC § 227.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the TCPA;

    B.    Actual damages or $500 for each violation, whichever is greater, pursuant to 47 USC § 227(b)(3)(A)

    C.  An award of three times the amount for which Defendant is found liable in paragraph "B," above, if it is found that Defendant willfully or knowingly violated 47 USC § 227(b).

    D.  For such other and further relief as may be just and proper.

**<u>PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY</u>**

Dated this 1st day of February, 2013.

By: __s/Joshua Trigsted_____
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff